**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

APRIL MARTIN                                                                                      PLAINTIFF

v.                                         NO.  4:05CV00434 GH/JWC

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                       DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge George Howard, Jr.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**DISPOSITION**

Plaintiff, April Martin, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence

that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on a pinched nerve in her lower back.  (Tr. 74.)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through November 30, 2004, the date of his decision.  (Tr. 14.)  On February 11, 2005, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6.)  Plaintiff then filed her complaint initiating this appeal (docket entry #2).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 21 years old at the time of the hearing.  (Tr. 269.)  She testified that she completed the eleventh grade in school.  (Tr. 270.)  However, she indicated on a form that

---

[1]The Hon. Mark S. Anderson.

she completed high school. (Tr. 80.) She has past relevant work as an assembler. (Tr. 11, 75.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i)(2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at § 404.1520(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id., § 404.1520(a)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., § 404.1520(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., § 404.1520(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 404.1520(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 13.) He found that Plaintiff had no impairment which significantly limited her ability to perform basic work activities. (Tr. 14.) Therefore, she had no "severe"

impairment, and was not disabled.

Plaintiff contends that the ALJ failed to consider her impairments in combination. (Br. 8-11.) The ALJ discussed Plaintiff's impairments individually (Tr. 11, 12, 13) and in combination (Tr. 13). Plaintiff's point is not well taken. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992). Furthermore, the ALJ discussed Plaintiff's limitations of function, which are a cumulation of her impairments. (Tr. 12, 13.) A fair reading of the ALJ's opinion reveals that he adequately considered Plaintiff's impairments in combination.

Plaintiff argues that she should not be penalized because there is a lack of medical proof regarding her claims of anxiety. (Br. 11.) The determination as to whether Plaintiff had a "severe" impairment, Step 2 of the sequential evaluation process, is based on medical evidence alone. Bowen v. Yuckert, 482 U.S. 137 (1987); Anderson v. Heckler, 805 F.2d 801, 805 (8th Cir. 1986); Riley v. Shalala, 849 F.Supp. 679, 681 (E.D. Ark. 1993), aff'd., 18 F.3d 619 (8th Cir. 1994); S.S.R. 85-28.

If a claimant is unable to show that she has a medically severe impairment, she is not eligible for disability benefits. Bowen v. Yuckert, 482 U.S. at 148. It is not unreasonable to require a claimant, who is in a better position to provide information about her own medical condition, to do so. Id., 146 n.5.

It is significant that Plaintiff did not allege a disabling mental impairment in her application for disability benefits, see Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993) and had not sought or been referred for mental health treatment during the relevant time period. See id., citing Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989) and Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987).

Plaintiff contends that she has been without health insurance most of her life. (Br. 11.) That fact is not in the record. Assuming that it is true, Plaintiff implies that she has therefore been unable to afford medical care. It does not appear that she has been lacking

for medical treatment. (Tr. 88-202, 240-64.) The record reflects that from March of 2001 through July of 2003, Plaintiff had eleven office visits at the Boston Mountain Rural Health Center (BMRHC), for a variety of complaints, including allergies, sinusitis, back pain, urinary tract infection, contact dermatitis, upper respiratory infection, abdominal pain and right foot pain. (Tr. 240-51, 259-60.) Because of the complaint of back pain, she was referred for outside testing. (Tr. 240.) A CT of the lumbar spine was negative. (Tr. 252, 257.) (There is some duplication of the record.) X-rays of the lumbar spine were normal. (Tr. 253.) An MRI of the lumbar spine was also normal, with no evidence of canal stenosis, disc herniation or facet hypertrophy. (Tr. 255-56.) It should be noted that Plaintiff had been seen at BMRHC for over two years before she ever mentioned back pain, even though she told the nurse that her back pain had been going on for eight years. (Tr. 241.)

Plaintiff did have insurance coverage at the time of the hearing, through her husband's work. (Tr. 280.) She testified that she had had coverage for five or six months.[2] Id. Yet she had not done anything to look into a heart problem that she had. Id. In addition, she was taking no prescription medication. Id. Her husband acknowledged that they had not taken advantage of the insurance since obtaining it. (Tr. 289.) That included not going back to find out the results of a December 2003, MRI of the lumbar spine. (Tr. 255-56, 287.)

As to her allegation of anxiety, Plaintiff testified that depression was diagnosed when she was approximately 15. (Tr. 274.) She took Zoloft for two and one-half years, but discontinued it three years before the hearing, when she met her husband-to-be. Id. In other words, she was aware of and amenable to treatment for any mental health concerns, yet she never complained of anxiety on her multiple visits to BMRHC. (Tr. 240-51, 259-60.)

---

[2]Plaintiff's husband testified that it had been closer to eight months. (Tr. 289.)

There is no evidence that Plaintiff suffered from any mental impairment that significantly limited her ability to perform basic work activities. Plaintiff had the burden of proving that her impairments were "severe." See Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1995). Plaintiff did not meet that burden.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Therefore, the Magistrate Judge recommends that the decision of the Commissioner be affirmed and that judgment be entered for Defendant dismissing this action with prejudice.

DATED this 23rd day of January, 2006.

_____
UNITED STATES MAGISTRATE JUDGE